# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE BRIONES-PEREYRA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | Case No. 1:23-cv-01718-SAB-HC<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Rule 4 of the Rules Governing Section 2254 Cases[1] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

In the petition, Petitioner challenges a Federal Bureau of Prisons' policy (Program Statement 5410.01) that excludes inmates with immigration detainers, such as Petitioner, from applying their First Step Act ("FSA") Earned Time Credits ("FTCs"). (ECF No. 1 at 6.)[2] The

---

[1] The Court may apply any or all of these rules to habeas corpus petitions that are not brought under 28 U.S.C. § 2254. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

1 petition also states that "[a]ny appeal to BOP policy would be futile" because the petition
2 concerns "a legal question of law." (ECF No. 1 at 7.)

3       On November 18, 2022, the Federal Bureau of Prisons ("BOP") issued Program
4 Statement 5410.01, *First Step Act of 2018 - Time Credits: Procedures for Implementation of 18*
5 *U.S.C. 3632(d)(4)*, which precluded prisoners with immigration detainers from applying earned
6 time credits. Fed. Bureau of Prisons, Program Statement No. 5410.01, First Step Act of 2018 -
7 Time Credits: Procedures for Implementation of 18 U.S.C. 3632(d)(4) (Nov. 18, 2022),
8 https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (last visited Oct. 17, 2023). On February
9 6, 2023, the BOP issued Change Notice 5410.01 CN-1. Fed. Bureau of Prisons, Change Notice
10 No. 541001 CN-1 (Feb. 6, 2023), https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (last
11 visited Oct. 17, 2023).[3] "As a result of Change Notice 5410.01, federal prisoners subject to
12 immigration detainers are no longer automatically prohibited from applying their earned time
13 credits." Alatorre v. Derr, No. CV 22-00516 JMS-WRP, 2023 WL 2599546, at *5 (D. Haw. Mar.
14 22, 2023).

15       "As a prudential matter, courts require that habeas petitioners exhaust all available
16 judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678
17 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). However, because it is not a jurisdictional
18 prerequisite, exhaustion can be waived if pursuing administrative remedies would be futile. Id.
19 Here, Petitioner contends that he "has a[n] Immigration Detainer lodged against him . . . nothing
20 more," (ECF No. 1 at 18), while it appears that the BOP has determined that Petitioner is subject
21 to a final order of removal.[4] A district judge of this Court has found that such a dispute does not
22 excuse failure to exhaust because it "does not concern the BOP's interpretation of a statute.
23 Rather, it is a factual dispute. If in fact the BOP has erroneously determined that Petitioner is
24 subject to a final order of removal rather than an immigration detainer, an administrative appeal

---

[3] The Court takes judicial notice of the BOP program statement and change notice. Fed. R. Evid. 201. See United States v. Thornton, 511 F.3d 1221, 1229 n.5 (9th Cir. 2008) (taking judicial notice of BOP program statement); United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record[.]").

[4] A BOP Detainer Action Letter indicates that "[a] detainer has been filed against this subject in your favor charging **FINAL ORDER OF REMOVAL OF ALIEN**." (ECF No. 1 at 20 (emphasis in original).)

to correct the factual dispute should prove fruitful." <u>Orozco-Orozco v. Warden, FCI Mendota</u>, No. 1:23-cv-00908-JLT-SKO, 2023 WL 4493730, at *1 (E.D. Cal. July 12, 2023).

Accordingly, Petitioner is HEREBY ORDERED to SHOW CAUSE within **THIRTY (30) days** from the date of service of this order why the petition should not be dismissed for failure to exhaust administrative remedies.

Petitioner is forewarned that failure to follow this order may result in a recommendation for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated:   **December 20, 2023**

UNITED STATES MAGISTRATE JUDGE