# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE BRIONES-PEREYRA,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>        Respondent. | Case No. 1:23-cv-01718-SAB-HC<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(ECF No. 5) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On December 21, 2023, the Court ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust administrative remedies. (ECF No. 5.) On January 4, 2024, Petitioner filed a response. (ECF No. 7.)

In the petition, Petitioner challenges a Federal Bureau of Prisons' policy (Program Statement 5410.01) that excludes inmates with immigration detainers, such as Petitioner, from applying their First Step Act ("FSA") Earned Time Credits ("FTCs"). (ECF No. 1 at 6.[1]) The petition also states that "[a]ny appeal to BOP policy would be futile" because the petition concerns "a legal question of law." (Id. at 7.)

On November 18, 2022, the Federal Bureau of Prisons ("BOP") issued Program Statement 5410.01, *First Step Act of 2018 - Time Credits: Procedures for Implementation of 18*

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

1  *U.S.C. 3632(d)(4)*, which precluded prisoners with immigration detainers from applying earned
2  time credits. Fed. Bureau of Prisons, Program Statement No. 5410.01, First Step Act of 2018 -
3  Time Credits: Procedures for Implementation of 18 U.S.C. 3632(d)(4) (Nov. 18, 2022),
4  https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (last visited Oct. 17, 2023). On February
5  6, 2023, the BOP issued Change Notice 5410.01 CN-1. Fed. Bureau of Prisons, Change Notice
6  No. 541001 CN-1 (Feb. 6, 2023), https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (last
7  visited Oct. 17, 2023).[2] "As a result of Change Notice 5410.01, federal prisoners subject to
8  immigration detainers are no longer automatically prohibited from applying their earned time
9  credits." Alatorre v. Derr, No. CV 22-00516 JMS-WRP, 2023 WL 2599546, at *5 (D. Haw. Mar.
10 22, 2023).

11 "As a prudential matter, courts require that habeas petitioners exhaust all available
12 judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678
13 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). However, because it is not a jurisdictional
14 prerequisite, exhaustion can be waived if pursuing administrative remedies would be futile. Id.
15 Here, Petitioner contends that he "has a[n] Immigration Detainer lodged against him . . . nothing
16 more," (ECF No. 1 at 18), while it appears that the BOP has determined that Petitioner is subject
17 to a final order of removal.[3] A district judge of this Court has found that such a dispute does not
18 excuse failure to exhaust because it "does not concern the BOP's interpretation of a statute.
19 Rather, it is a factual dispute. If in fact the BOP has erroneously determined that Petitioner is
20 subject to a final order of removal rather than an immigration detainer, an administrative appeal
21 to correct the factual dispute should prove fruitful." Orozco-Orozco v. Warden, FCI Mendota,
22 No. 1:23-cv-00908-JLT-SKO, 2023 WL 4493730, at *1 (E.D. Cal. July 12, 2023).

23 In his response to the order to show cause, Petitioner states that "F.C.I. Mendota and
24 other BOP officials have informed Petitioner that FSA time credits will not be applied due to the

---

[2] The Court takes judicial notice of the BOP program statement and change notice. Fed. R. Evid. 201. See United States v. Thornton, 511 F.3d 1221, 1229 n.5 (9th Cir. 2008) (taking judicial notice of BOP program statement); United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record[.]").

[3] A BOP Detainer Action Letter indicates that "[a] detainer has been filed against this subject in your favor charging **FINAL ORDER OF REMOVAL OF ALIEN**." (ECF No. 1 at 20 (emphasis in original).)

immigration detainer. There is nothing indicating the BOP will alter this position." (ECF No. 7 at 1–2.) In support of his contention that exhaustion should be excused, Petitioner directs the Court's attention to Saxon v. Warden, No. 1:23-cv-01110-SKO, wherein the Court stated it could not verify that Petitioner is the subject of a final order of removal without a copy of the actual order itself. After ordering a copy of the final order of removal be filed, it was determined that Saxon was not in fact subject to a final order of removal, FTCs were applied, and the prisoner released. (Id. at 2–3.) Petitioner appears to argue that in the BOP administrative appeal process, an immigration detainer indicating that the prisoner is subject to a final order of removal is sufficient to deny the prisoner relief without a copy of the purported final order of removal itself, and thus, exhaustion of administrative remedies would not be fruitful to correct any factual dispute. See Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005) ("[T]he district court must construe pro se habeas filings liberally.").

Based on the foregoing, the Court HEREBY ORDERS that the order to show cause (ECF No. 5) is DISCHARGED.

IT IS SO ORDERED.

Dated: **March 26, 2024**

UNITED STATES MAGISTRATE JUDGE