**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE BRIONES-PEREYRA,<br><br>             Petitioner,<br><br>   v.<br><br>WARDEN,<br><br>             Respondent. | Case No. 1:23-cv-01718-SAB-HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(ECF No. 15) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 6, 12, 13.)

**I.**

**BACKGROUND**

Petitioner is currently incarcerated at the Federal Correctional Institution in Mendota, California, serving a 108-month sentence for conspiracy and possession with intent to distribute methamphetamine. (ECF No. 1 at 1; ECF No. 15 at 2.[1]) In the petition, Petitioner challenges the Federal Bureau of Prisons' policy 5410.01. (ECF No. 1 at 2, 6.) Petitioner alleges that the policy excludes inmates with immigration detainers, like Petitioner, from applying First Step Act ("FSA") Earned Time Credits ("FTCs" or "ETCs"). (Id.) Petitioner requests that the Court direct

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

the Federal Bureau of Prison ("BOP") to immediately calculate and apply all of the FTCs to which he is entitled. (ECF No. 1 at 7.)

On July 2, 2024, Respondent filed a motion to dismiss the petition on the following grounds: (1) lack of constitutional standing and failure to state a claim because Petitioner is the subject of a final order of removal; (2) the lack of "statutory authority under § 2241 to compel BOP's FSA ETC discretionary (sentence end-phase programming) action via declaratory and advisory opinions"; and (3) failure to exhaust administrative remedies. (ECF No. 15 at 3–4.) To date, no opposition or statement of non-opposition to the motion to dismiss has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

### A. First Step Act and Earned Time Credits

"On December 21, 2018, the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, was enacted. The Act implemented a number of prison and sentencing reforms." Bottinelli v. Salazar, 929 F.3d 1196, 1197 (9th Cir. 2019). With respect to earned time credit, the Ninth Circuit has described the First Step Act's amendments as follows:

> [P]aragraph 102(b)(1) amends [18 U.S.C.] § 3624 by adding subsection (g), which is relevant to the Act's creation of an earned time credit system.[2] [132 Stat.] at 5210-13. The Act requires that, within 210 days of its enactment, the Attorney General establish a "risk and needs assessment system" to, broadly speaking, review each prisoner's recidivism risk level, award earned time credit as an incentive for participation in recidivism reduction programming, and "determine when a prisoner is ready to transfer into prerelease custody or supervised release in accordance with section 3624." § 101(a), 132 Stat. at 5196–97. Section 3624(g) details the criteria for when a prisoner becomes eligible, considering earned time credit, for transfer to prerelease custody or supervised release. § 102(b), 132 Stat. at 5210–13.

Bottinelli, 929 F.3d at 1197–98 (footnote in original).

Section 3632(d)(4)(A) provides that "[a] prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits[.]" 18 U.S.C. § 3632(d)(4)(A).

---

[2] In contrast to good time credit, earned time credit is awarded for "successfully complet[ing] evidence-based recidivism reduction programming or productive activities." § 101(a), 132 Stat. at 5198.

"Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C).

However, subparagraph (E) provides:

**(E) Deportable prisoners ineligible to apply time credits.**--

> **(i) In general.**--A prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17))).
>
> **(ii) Proceedings.**--The Attorney General, in consultation with the Secretary of Homeland Security, shall ensure that any alien described in section 212 or 237 of the Immigration and Nationality Act (8 U.S.C. 1182, 1227) who seeks to earn time credits are subject to proceedings described in section 238(a) of that Act (8 U.S.C. 1228(a)) at a date as early as practicable during the prisoner's incarceration.

18 U.S.C. § 3632(d)(4)(E).

On November 18, 2022, the BOP issued Program Statement 5410.01, *First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. 3632(d)(4)*, which precluded prisoners with immigration detainers from applying earned time credits. On February 6, 2023, the BOP issued Change Notice 5410.01 CN-1. Fed. Bureau of Prisons, Change Notice No. 541001 CN-1 (Feb. 6, 2023), https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (last visited June 10, 2024).[3] "As a result of Change Notice 5410.01, federal prisoners subject to immigration detainers are no longer automatically prohibited from applying their earned time credits." Alatorre v. Derr, No. CV 22-00516 JMS-WRP, 2023 WL 2599546, at *5 (D. Haw. Mar. 22, 2023).

///

---

[3] The Court takes judicial notice of the BOP program statement and change notice. Fed. R. Evid. 201. See United States v. Thornton, 511 F.3d 1221, 1229 n.5 (9th Cir. 2008) (taking judicial notice of BOP program statement); United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record[.]").

**B. Jurisdiction**

Respondent asserts that "to the extent Petitioner demands immediate award of ETCs and compelled placement in pre-release RRC or early TSR, Petitioner lacks statutory authority under § 2241 to compel BOP's FSA ETC discretionary (sentence end-phase programming) action via declaratory and advisory opinions." (ECF No. 15 at 3.) "Although a district court has no jurisdiction over discretionary designation decisions, it does have jurisdiction to decide whether the Bureau of Prisons acted contrary to established federal law, violated the Constitution, or *exceeded its statutory authority* when it acted pursuant to 18 U.S.C. § 3621." Rodriguez v. Copenhaver, 823 F.3d 1238, 1242 (9th Cir. 2016) (emphasis added) (citing Close v. Thomas, 653 F.3d 970, 973–74 (9th Cir. 2011)). As set forth above, under 18 U.S.C.§ 3632(d)(4)(C), "[t]ime credits earned . . . by prisoners who participate in recidivism reduction programs or productive activities *shall* be applied toward time in prerelease custody or supervised release" and the Director of the BOP "*shall* transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C) (emphasis added). "The BOP is therefore required to apply time credits to eligible prisoners who have earned them and cannot categorically make prisoners ineligible for such credits in a manner that contravenes the statutory scheme set forth in 18 U.S.C. § 3632." Sierra v. Jacquez, No. 2:22-cv-01509-RSL-BAT, 2022 WL 18046701, at *4 (W.D. Wash. Dec. 27, 2022), report and recommendation adopted, 2023 WL 184225 (W.D. Wash. Jan. 13, 2023). Accordingly, the Court finds that dismissal is not warranted on the ground that it lacks jurisdiction to compel BOP discretionary action regarding FTCs because application of FTCs to eligible prisoners who have earned them is *required*, not discretionary, under the statute.

**C. Exhaustion**

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). However, because it is not a jurisdictional prerequisite, exhaustion can be waived if pursuing administrative remedies would be futile. Id.

///

1        Respondent contends that the "FSA's own exhaustion requirement under 18 U.S.C.
2 § 3582(c)(l)(A) is a claim-processing rule that does not permit a district court to excuse a
3 petitioner's failure to exhaust administrative remedies if the failure to do so is properly raised by
4 the government," citing to United States v. Keller, 2 F.4th 1278, 1282 (9th Cir 2021). (ECF No.
5 15 at 4–5.) However, 18 U.S.C. § 3582(c)(l)(A) governs compassionate release and
6 modifications of an imposed term of imprisonment, which are not at issue in the instant petition.
7 While the Court appreciates that in the "context of the prudential exhaustion of administrative
8 remedies, the issue of whether 'relaxation of the requirement would encourage the deliberate
9 bypass of the administrative scheme' is a key consideration," Laing v. Ashcroft, 370 F.3d 994,
10 1000 (9th Cir. 2004) (quoting Montes v. Thornburgh, 919 F.2d 531, 537 (9th Cir. 1990)), the
11 Court finds that the exhaustion requirement should be excused in this case due to futility because
12 Respondent has determined that Petitioner is "jurisdictionally and statutorily barred from FSA
13 ETC sentence-offsets due to a final order of removal from another federal court." (ECF No. 15 at
14 3.)

**D.  Whether Petitioner is the Subject of a Final Order of Removal**

16        A prisoner is ineligible to apply FTCs "if the prisoner is the subject of a final order of
17 removal under any provision of the immigration laws (as such term is defined in section
18 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17)))." 18 U.S.C.
19 § 3632(d)(4)(E)(i). Here, Respondent argues that Petitioner is ineligible to apply FTCs because
20 he is subject to a final order of removal. (ECF No. 8 at 3.) Respondent has filed a copy of an
21 order of expedited removal under section 235(b)(1) of the Immigration and Nationality Act
22 ("INA"), dated May 30, 2024, and issued against Petitioner. (ECF No. 15-1 at 19.)

23        "[A] 'final order of removal' is a final order 'concluding that the alien is deportable or
24 ordering deportation,'" Nasrallah v. Barr, 590 U.S. 573, 579 (2020) (quoting 8 U.S.C. §
25 1101(a)(47)(A)). "Expedited removal proceedings involve, as the name suggests, a streamlined
26 process through which certain non-citizens . . . may be removed from the United States without a
27 hearing before an immigration judge." Alvarado-Herrera v. Garland, 993 F.3d 1187, 1190 (9th
28 Cir. 2021). The Ninth Circuit has recognized that expedited removal proceedings result in final

orders of removal. See Lopez v. Garland, 40 F.4th 996, 1001 (9th Cir. 2022), cert. denied sub nom. Luvian v. Garland, 143 S. Ct. 2461 (2023); Alcala v. Holder, 563 F.3d 1009, 1014 (9th Cir. 2009).

Here, the order of expedited removal states that Petitioner is inadmissible to the United States under section 212(a)(7)(A)(i)(I) and orders that Petitioner be removed from the United States. (ECF No. 15-1 at 19.) Accordingly, the Court finds that Petitioner is "the subject of a final order of removal under any provision of the immigration laws" for purposes of 18 U.S.C. § 3632(d)(4)(E)(i), and thus, is ineligible to apply First Step Act time credits. See Solis-Torres v. FCI Mendota Warden, No. 1:23-cv-0358-JLT-SAB, 2024 WL 1313049 (E.D. Cal. Mar. 27, 2024) (adopting finding and recommendations and holding that petitioner is not eligible for FSA time credits due to expedited removal order); Cuevas v. Birkholz, No. 2:23-cv-07287-GW-JC, 2024 WL 2702918, at *2 (C.D. Cal. Mar. 29, 2024) ("Here, Petitioner is subject to a final removal order . . . requiring his removal to Mexico. He is therefore statutorily ineligible for the application of time credits under the First Step Act[.]"), report and recommendation adopted, 2024 WL 2702652 (C.D. Cal. May 22, 2024). As Petitioner cannot obtain the relief he seeks in the petition, Respondent's motion to dismiss will be granted.

## III.

## ORDER

Based on the foregoing, the Court HEREBY ORDERS that:

1. Respondent's motion to dismiss (ECF No. 15) is GRANTED;
2. The petition for writ of habeas corpus is DISMISSED; and
3. The Clerk of Court is DIRECTED to CLOSE the case.

IT IS SO ORDERED.

Dated:   **September 12, 2024**

UNITED STATES MAGISTRATE JUDGE